UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sami Farraj,                                    Case No. 1:14 CV 1934

            Petitioner,                  JUDGE JAMES G. CARR

    v.

Christopher LaRose,                             <u>ORDER</u>

            Respondent.


*Pro se* Petitioner Sami Farraj filed the above-captioned action under 28 U.S.C. § 2254 against Trumbull Correctional Institution Warden Christopher LaRose.  Farraj was convicted in the Cuyahoga County Court of Common Pleas on one count of sexual battery with a sexual violent predator specification, three counts of abduction with a sexual violent predator specification and a sexual motivation specification, two counts of gross sexual imposition, one count of burglary and one count of theft.

He asserts five grounds for relief: (1) the trial court erred when it failed to properly inform him of his appellate rights; (2) he did not knowingly and intelligently accept the plea offer from the state due to ineffective assistance of trial counsel; (3) trial counsel failed to request and perform a deposition on a key witness prior to her death; (4) trial counsel failed to file a motion to suppress the alleged victim's pre-trial statement on the grounds that it violated his rights under the confrontation clause of the Sixth Amendment of the United States Constitution; and (5) his trial

counsel failed to object to his improper sentence, which violated the Double Jeopardy Clause of the United States Constitution.  He asks the Court to issue a Writ of Habeas Corpus setting aside his conviction.

## I. Background

Farraj was indicted on August 10, 2007 by the Cuyahoga County grand jury on charges of one count of sexual battery, three counts of abduction, two counts of gross sexual imposition, two counts of aggravated burglary, one count of burglary, one count of theft, two sexual violent predator specifications and one sexual motivation specification.  Pursuant to a plea agreement, Farraj pled guilty to all of the charges, except for the two counts of aggravated burglary, which were dismissed by the state.  He was sentenced on December 3, 2009 to a total of ten years incarceration, and five years of post release control.

Farraj filed a Petition to Vacate or Set Aside his Sentence on March 25, 2013.  The Motion was denied on May 23, 2013.  Thereafter, he filed a Motion for Delayed Appeal on August 13, 2013. That Motion was denied.  He filed a second Petition to Vacate or Set Aside his Sentence on February 12, 2014, and a Motion to Withdraw Guilty Plea on April 22, 2014.  The trial court denied the Motion on May 5, 2014, and denied the Petition on May 27, 2014.  He filed an appeal of the denial of those post judgment Motions on May 30, 2014 in the Ohio Eighth District Court of Appeals. Those appeals are still pending.

Farraj has now filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He asserts five grounds for relief:

> (1) the trial court erred when it failed to properly inform him of his appellate rights;
>
> (2) he did not knowingly and intelligently accept the plea offer from

the state due to ineffective assistance of trial counsel;

(3) trial counsel failed to request and perform a deposition on a key witness prior to her death;

(4) trial counsel failed to file a motion to suppress alleged victim's pre-trial statement on the grounds that it violated my rights under the confrontation clause of the Sixth Amendment of the United States Constitution; and

(5) trial counsel failed to object to his improper sentence, which violated the Double Jeopardy Clause of the United States Constitution.

In support of his first ground for relief, Farraj asserts that the trial court did not inform him at his sentencing that he could file an appeal. He states he was told he waived his right to appeal.

In support of his second ground, he contends his trial counsel failed to inform him of pertinent material facts regarding the evidence against him, and pressured him into accepting the plea agreement. He indicates his attorney provided him with inaccurate and erroneous information concerning the Confrontation Clause and his right to confront witnesses. He states his attorney failed to interview witnesses and told him he could not win his case due to societal prejudices. He concludes if he had known all of the evidence against him, he would have wanted to proceed to trial.

In support of his third ground for relief, Farraj indicates his attorney did not depose a witness for the prosecution. He alleges the witness was old and in poor health, and died before the trial from a "disease that [was] unrelated to Petitioner's alleged acts." (Doc. No. 1 at 7). He asserts that his attorney's failure to depose this witness denied him the right to confront the witness.

In support of his fourth ground, Farraj contends his trial counsel did not file a motion to suppress the statement of the deceased witness. He asserts it would not have been admissible at trial and it was used by the state to coerce him into accepting the plea deal. He indicates that if he had

-3-

known her statement was going to be inadmissible, he would not have accepted the plea deal and would have insisted on proceeding to trial as this was the only evidence connecting him to the crime.

Finally, in support of his fifth claim, Farraj asserts his attorney failed to object to his consecutive sentences for crimes which should have been considered allied offenses.  He indicates he was given consecutive sentences for abduction and sexual battery for the same victim.  He states these were allied offenses of similar import making his consecutive sentences a violation of the Double Jeopardy Clause.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall is presumed correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

-4-

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). To have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite

-6-

"chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court.  Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV.  Analysis

Farraj has not exhausted his state court remedies prior to filing this action.  He did not file a timely direct appeal of his conviction and sentence, and his Motion for Delayed Appeal was denied.

However, he also filed two post conviction petitions and a Motion to Withdraw Guilty Plea.

-7-

The appeals of the denial of those petitions and motion are still pending in the Ohio Eighth District Court of Appeals.  He indicates the grounds he asserts in this habeas petition are raised in those pending appeals.  Consequently, he has not exhausted his state court remedies.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court.  *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).  The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).  Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies before proceeding with a federal habeas corpus petition.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

A narrow exception to the exhaustion requirement exists if it would be futile for the petitioner to return to state court to exhaust state court remedies with respect to claims asserted in a federal habeas petition.  If a petitioner fails to fairly present his claims through the requisite levels of state appellate review, and no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted.  *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S.

-8-

255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). It does not appear that requiring Farraj to continue to pursue state appellate review of his claims would be futile. He must complete state court review before returning to federal court to seek habeas review of his claims.

### V. Conclusion

Accordingly, Farraj's Petition for a Writ of Habeas Corpus (Doc. No. 1) is denied and this action is dismissed, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


  S/James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE